COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Willis and Elder
Argued by teleconference


RICHARD W. DURRER
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 1601-97-2     JUDGE LARRY G. ELDER
                                       APRIL 21, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF GREENE COUNTY
                  Lloyd C. Sullenberger, Judge

            J. Thomas Love, Jr., for appellant.

            Ruth Ann Morken, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.



     Richard W. Durrer (appellant) appeals his convictions of

obstruction of justice and assault and battery.  He contends that

the trial court erred when it excluded evidence regarding the

demeanor and conduct of one of the Commonwealth's witnesses

shortly after appellant's arrest.  For the reasons that follow,

we affirm.

     Appellant was charged with obstruction of justice and

assault and battery following an encounter with Investigator Troy

W. Buttner and Deputy Stuart R. Snead on the morning of

November 6, 1996.  The evidence at appellant's trial proved that

Investigator Buttner and Deputy Snead arrived at appellant's auto

body shop after receiving information from appellant's cousin

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

that appellant was engaged in a physical altercation with his former girlfriend, Angela S. Jarrell. After the officers attempted unsuccessfully to persuade Jarrell to leave the scene, appellant emerged from his shop carrying an aluminum baseball bat. Both Investigator Buttner and Deputy Snead testified that appellant verbally threatened to use the bat to force Jarrell to leave his property and walked toward her and the two officers while carrying the bat. The officers testified that, after appellant failed to comply with their order to drop the bat and continued his approach, Deputy Snead sprayed appellant in the face with pepper spray. According to the officers, appellant responded by swinging the bat and striking Deputy Snead's right hand. Investigator Buttner then struck appellant about three times with an expandable baton, and Deputy Snead followed by tackling appellant to the ground. After a fifteen-to-twenty second struggle, during which appellant resisted their efforts to subdue him, the officers handcuffed appellant and took him into custody. During his altercation with the officers, appellant sustained injures that required medical attention later that day.

Appellant's cousin and Jarrell testified on appellant's behalf and gave accounts that conflicted with the testimony of the officers. They testified that the officers assaulted appellant with the pepper spray and the baton after he failed to comply with their order to drop the bat. However, they testified that appellant never threatened to use the bat and never swung

2

it.

At the end of his case-in-chief, appellant sought to introduce the testimony of James M. Hatmaker, which was proffered for the record. Hatmaker would have testified that he observed Deputy Snead execute a traffic stop of Jarrell a few minutes after appellant was taken into custody. According to Hatmaker, Deputy Snead angrily approached Jarrell as she sat in her car, yelled at her, and pulled forcefully on her driver-side window until it shattered. The trial court ruled that Hatmaker's testimony was inadmissible because it was irrelevant.

"Evidence is relevant if it has any logical tendency to prove an issue in a case." Goins v. Commonwealth, 251 Va. 442, 461, 470 S.E.2d 114, 127, cert. denied, 117 S. Ct. 222 (1996). Evidence that tends to show that "'a witness is biased and his testimony unreliable because it is induced by considerations of self-interest'" is "always relevant." Banks v. Commonwealth, 16 Va. App. 959, 962, 434 S.E.2d 681, 683 (1993) (quoting Barker v. Commonwealth, 230 Va. 370, 376, 337 S.E.2d 729, 733 (1985)). "Evidence of a crime or act that relates directly to the credibility of a witness and the weight that should be given to his or her testimony is admissible." Id. at 963, 343 S.E.2d at 683 (citing Adams v. Commonwealth, 201 Va. 321, 326, 111 S.E.2d 396, 399-400 (1959)).

> Evidence of specific acts of misconduct is generally not admissible in Virginia to impeach a witness' credibility. However, where the evidence . . . is relevant to show that a witness is biased or has a motive to

        fabricate, it is not collateral and should be
        admitted.

Id. (citations omitted).

     We hold that the trial court did not err when it concluded
that Hatmaker's testimony was not relevant to the issue of Deputy
Snead's credibility.  Deputy Snead's testimony concerned the
actions of appellant, not Jarrell.  As such, the evidence of
Deputy Snead's alleged misconduct toward Jarrell is relevant at
appellant's trial only if the deputy would be motivated to
justify or conceal his behavior toward Jarrell by falsely
accusing appellant of striking him with the baseball bat and
resisting the officers' efforts to arrest him.  See Banks, 16 Va.
App. at 964, 434 S.E.2d at 684 (holding that evidence that the
Commonwealth's witness distributed drugs while investigating the
defendant for drug-related activity was admissible to show that
the witness had a motive to falsely implicate the defendant in
order to conceal his own crimes).  However, the deputy's alleged
incident with Jarrell occurred later in time and at a different
location than his altercation with appellant.  Although Deputy
Snead had an interest in convincing his superiors that his
decision to shatter Jarrell's driver-side window was warranted by
the circumstances, he could not achieve this end by giving a
false account of appellant's conduct at a different time and
place.  Because the proffered evidence of Deputy Snead's
unprovoked aggression toward Jarrell could not logically provide
the deputy with a "motive to implicate [appellant] in order to

                              4

conceal his own [misconduct]," we cannot say that the trial court's exclusion of this evidence was erroneous. <u>Id.</u> at 964, 434 S.E.2d at 684.

For the foregoing reasons, we affirm the convictions of obstruction of justice and assault and battery.

<u>Affirmed</u>.